# U.S. Bankruptcy Court
## Eastern District of Virginia (Alexandria)
## Adversary Proceeding #: 16−01143−BFK

*Assigned to:* Brian F. Kenney                          *Date Filed:* 07/21/16
*Lead BK Case:* 14−12766
*Lead BK Title:* The Truland Group, Inc.
*Lead BK Chapter:* 7
*Demand:* $23000
   *Nature[s] of Suit:*   12  Recovery of money/property − 547
                      preference

*Plaintiff*
—————————————————

**Klinette Kindred, Trustee**                 represented by **Gregory H. Counts**
300 N Washington St.                                         Tyler, Bartl, Ramsdell & Counts, PLC
Ste. 200                                                     300 North Washington St. Suite 202
Alexandria, VA 22314                                         Alexandria, VA 22314−4252
703−549−5000                                                 703−549−5001
                                                             Fax : 703−549−5011
                                                             Email: gcounts@tbrclaw.com

V.

*Defendant*
—————————————————

**Fastenal Corp.**                            represented by **Fastenal Corp.**
                                                             PRO SE

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 07/21/2016 | | 1 | Adversary case 16−01143. Complaint against Fastenal Corp. filed by Klinette Kindred, Trustee. Nature of Suit: (12 (Recovery of money/property − 547 preference)) Associated Bankruptcy Case Number: 1:14−bk−12766 (Counts, Gregory) |
| 07/21/2016 | | 2 | U.S. Treasury receipt of Complaint(16−01143−BFK) [cmp,cmpfee] ( 350.00) filing fee. Receipt number 24434673, amount $ 350.00. (Re: Doc#1) (U.S. Treasury) |
| 07/22/2016 | | 3 | Summons and notice issued to Fastenal Corp. , Procedures for the Prosecution and Resolution of Avoidance Claims (Re: related document(s)1 Complaint filed by Klinette Kindred, Trustee) (Glenn, Jillinda) |
| 08/26/2016 | | 4 | Certificate of Service (Re: related document(s)3 Summons and Notice; Truland Group, Inc. AP cases Only, Truland Group, Inc. Procedures for the Prosecution and Resolution of Avoidance Claims) filed by Gregory H. Counts of Tyler, Bartl, Ramsdell & Counts, PLC on behalf of Klinette Kindred, Trustee. (Counts, Gregory) |
| 10/19/2016 | | 5 | Motion for Default Judgment filed by Gregory H. Counts of Tyler, Bartl, Ramsdell & Counts, PLC on behalf of Klinette Kindred, Trustee. (Counts, Gregory) |

| 10/19/2016 | | 6 | Notice of Hearing (Re: related document(s)5 Motion for Default Judgment filed by Klinette Kindred, Trustee) filed by Gregory H. Counts of Tyler, Bartl, Ramsdell & Counts, PLC on behalf of Klinette Kindred, Trustee. Hearing scheduled for 11/8/2016 at 09:30 AM at Judge Kenney's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Counts, Gregory) |
| 11/08/2016 | | 7 | Hearing held; Motion Granted; Court to prepare Report & Recommendation (related document(s): 5 Motion for Default Judgment) Appearance : Gregory H. Counts (lawsont) |
| 12/08/2016 | | 8 | Report and Recommendation to the U. S. District Court Motion for Default Judgment (Re: related document(s)5 Motion for Default Judgment filed by Klinette Kindred, Trustee) Objection(s) due by 12/22/2016. (Glenn, Jillinda) |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA Alexandria Division

In re: )
)
THE TRULAND GROUP, INC., *et al.*, )
)       Bankruptcy Case No. 14-12766-BFK
Debtors. )       Jointly Administered
)       Chapter 7
)

KLINETTE H. KINDRED, IN HER CAPACITY )
AS TRUSTEE FOR THE TRULAND GROUP, )
INC., *et al.* )
)
Plaintiff, )
)
v. )   Adv. Pro. _____
)
FASTENAL COMPANY )
)
Defendant. )

## COMPLAINT TO AVOID TRANSFERS,
## <u>RECOVER PROPERTY AND FOR RELATED RELIEF</u>

COMES NOW Klinette H. Kindred, in her capacity as trustee ("Trustee" or "Plaintiff") for

The Truland Group, Inc., *et al.* ("Debtors")[1], by and through her undersigned counsel, and files

this Complaint to Avoid Transfers, Recover Property and for Related Relief pursuant to 11

---

[1] The Debtors are the following entities: The Truland Group, Inc., a Virginia corporation ("The Truland Group, Inc.") (14-12766-BFK), Truland Service Corporation, a Virginia corporation ("Truland Service Corporation")(1412773-BFK), Snowden River Corporation, a Maryland corporation ("Snowden River Corporation")(14-12772BFK), Tech, Inc., a Virginia corporation ("Tech, Inc.")(14-12770-BFK), Truland Systems Corporation, a District of Columbia corporation ("Truland Systems Corporation") (14-12767-BFK), Northside Truland Electric, LLC, a Virginia corporation ("Northside Truland Electric, LLC")(14-12775-BFK), The Truland Group of Companies, Corp., a Delaware corporation ("The Truland Group of Companies, Corp.")(14-12771-BFK), Pel-Bern Electric Corporation, a Maryland corporation ("Pel-Bern Electric Corp.")(14-12768-BFK), Truland Walker Seal Transportation, Inc., a Virginia corporation ("Truland Walker Seal Transportation, Inc.")(14-12774-BFK) and Blumenthal Kahn Truland Electric, LLC, a Maryland limited liability company ("BK Truland Electric, LLC")(1416769-BFK).

3

U.S.C. §§ 502, 547, 548, 549, 550 and 551 ("Complaint") against FASTENAL COMPANY

(Defendant"), stating to the Court as follows:

## BACKGROUND AND JURISDICTION

1.  On information and belief, the Defendant provided goods and/or services to one or

more of the Debtors at varying times prior to the Petition Date[1].

2.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and

157.

3.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F) and

(O).

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5.  On July 22, 2014 involuntary chapter 7 cases (the "Involuntary Cases") were

commenced against the following Debtors (hereafter, the "Involuntary Debtors"): Truland

Service Corporation, Truland Systems Corporation, Pel-Bern Electric Corp., and BK Truland

Electric, LLC.

6.  On July 23, 2014, each of the Debtors filed a voluntary petition for relief under

chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the

"Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia,

Alexandria Division (the "Court") commencing their chapter 7 cases (collectively, the "Bankruptcy

Cases," and each individually, a "Bankruptcy Case"). The Bankruptcy Cases are being jointly

administered.

7.  The Trustee was subsequently appointed chapter 7 trustee in the Bankruptcy Cases.

---

[1] As used herein, the term "Petition Date" means July 22, 2014 with respect to the Involuntary Debtors and July 23,
2014 with respect to all other Debtors.

8.      Pursuant to the Orders for Relief, Consolidation and Joint Administration entered by the Court on November 20, 2014, the Involuntary Cases were consolidated for administrative purposes with the other Bankruptcy Cases.

9.      Prior to the Petition Date, the Debtors operated an electrical contracting business.  In conjunction with their business affairs, the Debtors maintained business relationships through which they regularly purchased, sold, received, and/or delivered equipment, goods and services.

10.     During the ninety (90) days before the Petition Date, (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including the Defendant.

11.     During the course of their relationship, the Debtors and the Defendant entered into agreements, evidenced by invoices, communications and/or other documents (collectively, the "Agreements"), pursuant to which the Debtors and the Defendant conducted business with one another.

12.     In bringing this Complaint, Plaintiff has conducted an analysis of certain business records and information of the Debtors.  During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that are otherwise avoidable. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property to or for the benefit of the Defendant.

13.     To the extent that the Debtors' records do not accurately identify all transfers made by the Debtors of an interest in the Debtors' property, including but not limited to any transfers that cleared post-petition, Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the Avoidable Transfers, (ii) additional transfers, (iii) modifications of and/or revision of the Defendant's name or identity, (iv) additional defendants, and/or (v)

Case 1:16-cv-01548-LO-JDD Document 1-15 Filed 12/13/16 Page 6 of 24 PageID# 7

additional causes of action (collectively, the "Amendments"), that may become known to Plaintiff at any time during the pendency of this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

### COUNT I – PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547

14.     Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

15.     On or within ninety days prior to the Petition Date, the Debtor(s) identified on Exhibit A ("Debtor Transferor(s)") made one or more transfers to or for the benefit of the Defendant (each an "Avoidable Transfer" and, together, the "Avoidable Transfers"), including those set forth on the chart annexed hereto as Exhibit A, which is incorporated herein by reference.

16.     The Avoidable Transfers were transfers of an interest in property of the Debtor Transferor(s).

17.     The Avoidable Transfers were each made on account of an antecedent debt owed by the Debtor Transferor(s) to the Defendant before each Avoidable Transfer was made.

18.     At the time each of the Avoidable Transfers was made, the Defendant was a creditor of the Debtor Transferor(s).

19.     The Debtors were insolvent when each of the Avoidable Transfers was made. The Plaintiff is entitled to the presumption of insolvency for each Avoidable Transfer pursuant to 11 U.S.C. § 547(f).  Further, as evidenced by the Debtors' Schedules as well as the proofs of claim filed against the Debtors, the Debtors' liabilities exceed their assets. It is anticipated that creditors will receive less than full value on account of their allowed claims against the Debtors.

20.     The Avoidable Transfers enabled the Defendant to receive more than the Defendant would have received if: (a) the Bankruptcy Cases were cases under chapter 7 of the Bankruptcy

Code; (b) the Avoidable Transfers had not been made; and (c) the Defendant received payment on its claim to the extent provided by the provisions of the Bankruptcy Code.

21.     The Avoidable Transfers are avoidable preferences pursuant to 11 U.S.C. § 547(b).

22.     Despite due demand, the Defendant has failed and refused to remit the amount of the Avoidable Transfers to the Plaintiff.

23.     Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that each of the Avoidable Transfers is avoided.

## COUNT II - AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549

24.     The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

25.     To the extent any transfers made to the Defendant, including the Avoidable Transfers, were transfers of an interest in the property of the estate that cleared the applicable Debtor's bank account after the Petition Date (the "Post-Petition Transfers"), such Post-Petition Transfers were authorized only under section 303(f) or section 542(c) of the Bankruptcy Code, were not authorized by the Court or authorized under the Bankruptcy Code, and are, accordingly, avoidable pursuant to 11 U.S.C. § 549.

## COUNT III – RECOVERY OF PROPERTY UNDER 11 U.S.C. § 550

26.     Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

27.     As alleged above, Plaintiff is entitled to avoid each of the Avoidable Transfers under 11 U.S.C. § 547.

28.     Defendant is the initial transferee of each Avoidable Transfer or the entity for whose benefit each Avoidable Transfer was made, or an immediate or mediate transferee of such initial transferee of each of the Avoidable Transfers.

29.     The Plaintiff is entitled to recover for the estate the proceeds or value of the Avoidable Transfers under 11 U.S.C. § 550.

30.     Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of each of the Avoidable Transfers is recovered for the benefit of the estate.

## COUNT VI – DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(D)

31.     Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

32.     Defendant is the transferee of the Avoidable Transfers.

33.     The Avoidable Transfers are recoverable by the Plaintiff under 11 U.S.C. § 550.

34.     Pursuant to 11 U.S.C. § 502(d), if Defendant is liable for any avoidable transfer under 11 U.S.C. § 547, then any claims held by the Defendant against the Debtors' estates must be disallowed unless and until the Defendant pays the amount of the Avoidable Transfers to the Plaintiff.

35.     Defendant has not returned or paid the value of the Avoidable Transfers to the Plaintiff.

36.     Plaintiff is entitled to an order and judgment under 11 U.S.C. § 502(d) that all of Defendant's claims against the Debtors' estates are disallowed.

WHEREFORE, the Plaintiff prays for judgment for Plaintiff and against the Defendant:

1.      In the amount of the Avoidable Transfers, together with costs of suit incurred herein, including, without limitation, attorneys' fees; and pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law;

8

2.      Determining that each of the Avoidable Transfers is avoidable as a preferential transfer under Section 547 of the Bankruptcy Code, and that Plaintiff is entitled to recover each of the Avoidable Transfers under Section 550 of the Bankruptcy Code (plus such additional transfer amounts that Plaintiff learns, through discovery or otherwise, were made by the Debtors to the Defendant during the ninety-day period preceding the Petition Date);

3.      Determining that any transfers of estate property made to Defendant after the Petition Date are avoidable under Section 549 of the Bankruptcy Code and that Plaintiff, on behalf of the Debtors' estates is entitled to recover any post-petition transfers;

4.      Disallowing any and all of Defendant's claims against the Debtors' estates under Section 502(d) of the Bankruptcy Code, unless and until the amount of any judgment for avoidance and recovery of the Avoidable Transfers is paid by Defendant to Plaintiff, on behalf of the Debtors' estates; and

5.      For such other and further relief as the Court may deem just and proper.

Dated: July 21, 2016

Respectfully submitted,
KLINETTE H. KINDRED, TRUSTEE
By Counsel

TYLER BARTL RAMSDELL & COUNTS, PLC
300 N Washington St., Suite 202
Alexandria, VA 22314
Telephone: 703.549.5001
Facsimile:  703.549.5011

By: */s/ Gregory H. Counts*
Gregory H. Counts, VSB 46771
*Counsel to the Chapter 7 Trustee*

9

| Consolidated Vendor Summary | | |
| --- | --- | --- |
| | Values | |
| Consolidated Summary | Sum of Amount | Count of Vendor |
| **Fastenal Corp.** | **$ 23,534.77** | **8** |
| **BK Truland Electric, LLC** | **$ 2,591.66** | **1** |
| 2379 | $ 2,591.66 | 1 |
| **Payment** | **$ 2,591.66** | **1** |
| 6/6/2014 | $ 2,591.66 | 1 |
| **262** | **$ 2,591.66** | **1** |
| VPAY-10008871 | $ 2,591.66 | 1 |
| **Truland Service Corporation** | **$ 261.37** | **1** |
| 3686 | $ 261.37 | 1 |
| **Payment** | **$ 261.37** | **1** |
| 6/17/2014 | $ 261.37 | 1 |
| **262** | **$ 261.37** | **1** |
| VPAY-10019853 | $ 261.37 | 1 |
| **Truland Systems Corporation** | **$ 3,293.48** | **3** |
| 5429 | $ 1,793.74 | 1 |
| **Payment** | **$ 1,793.74** | **1** |
| 4/25/2014 | $ 1,793.74 | 1 |
| **262** | **$ 1,793.74** | **1** |
| VPAY-10039596 | $ 1,793.74 | 1 |
| 5478 | $ 165.36 | 1 |
| **Cancelled** | **$ 165.36** | **1** |
| 4/30/2014 | $ 165.36 | 1 |
| **262** | **$ 165.36** | **1** |
| VPAY-10039803 | $ 165.36 | 1 |
| 5620 | $ 1,334.38 | 1 |
| **Payment** | **$ 1,334.38** | **1** |
| 5/16/2014 | $ 1,334.38 | 1 |
| **262** | **$ 1,334.38** | **1** |
| VPAY-10040030 | $ 1,334.38 | 1 |
| **Truland Walker Seal Transportation, Inc.** | **$ 17,388.26** | **3** |
| 2247 | $ 3,687.44 | 1 |
| **Cancelled** | **$ 3,687.44** | **1** |
| 06/10/2014 | $ 3,687.44 | 1 |
| **262** | **$ 3,687.44** | **1** |
| VPAY-10008561 | $ 3,687.44 | 1 |
| 2253 | $ 3,687.44 | 1 |
| **Payment** | **$ 3,687.44** | **1** |
| 06/10/2014 | $ 3,687.44 | 1 |
| **262** | **$ 3,687.44** | **1** |
| VPAY-10008568 | $ 3,687.44 | 1 |
| 2277 | $ 10,013.38 | 1 |
| **Payment** | **$ 10,013.38** | **1** |
| 6/17/2014 | $ 10,013.38 | 1 |
| **262** | **$ 10,013.38** | **1** |
| VPAY-10008607 | $ 10,013.38 | 1 |

# United States Bankruptcy Court
### Eastern District of Virginia
Alexandria Division

**Case Number** 14−12766−BFK
**Chapter** 7
**Adversary Proceeding Number** 16−01143−BFK
**Judge** Brian F. Kenney

**In re:**
The Truland Group, Inc.

Debtor(s)

Klinette Kindred, Trustee

Plaintiff(s)

V.

Fastenal Corp.

Defendant(s)

### SUMMONS AND NOTICE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the Clerk of the Bankruptcy Court. **You have thirty days from the date of service of this summons to respond to the complaint.** On September 29, 2015, the Court entered an Amended Order on the Trustee's motion to establish certain procedures governing avoidance action adversary proceedings. A copy of the Procedures for the Prosecution and Resolution of Avoidance Claims are attached to this summons and you should review the procedures carefully.

| | |
|---|---|
| ADDRESS OF CLERK: | William C. Redden<br>United States Bankruptcy Court<br>200 South Washington Street<br>Alexandria, VA 22314 |

At the same time, you must also serve a copy of the motion motion or answer upon the plaintiff's attorney.

| | |
|---|---|
| NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY: | Gregory H. Counts<br>Tyler, Bartl, Ramsdell & Counts, PLC<br>300 North Washington St. Suite 202<br>Alexandria, VA 22314−4252 |

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be scheduled by the Court at a later date.

IF YOU FAIL TO RESPOND TO THE COMPLAINT, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Date: July 22, 2016

WILLIAM C. REDDEN, CLERK OF COURT
By /s/ Jillinda Glenn
Deputy Clerk

*[Note: It is the responsibility of counsel for the plaintiff/movant to advise the Court of any settlement or any other valid reason that a Court scheduled pretrial conference, hearing or trial need not be conducted. Counsel are advised to provide the Court with such notification as far in advance of any such conference, hearing or trial as is practical under the circumstances. Failure of such counsel to properly and timely notify the Court may result in the imposition of sanctions. Local Bankruptcy Rule 9013−1(O)].*
[ver. B250ALXvOct2015.jsp]

Case 1:16-cv-01548-LO-BD Document 1-1 Filed 12/12/16 Page 12 of 24 PageID# 13

Bankruptcy Case No. 14−12766−BFK

Adversary Proceeding Case No. 16−01143−BFK

## CERTIFICATE OF SERVICE

I, _____ (name), certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made _____ (date) by:

☐    **Mail Service:**  Regular, first class United States mail, postage fully pre−paid, addressed to:

☐    **Personal Service:**  By leaving the process with defendant or with an officer or agent of defendant at:

☐    **Residence Service:**  By leaving the process with the following adult at:

☐    **Certified Mail Service on an Insured Depository Institution:**  By sending the process by certified mail addressed to the following officer of the defendant at:

☐    **Publication:**  The defendant was served as follows: [Describe briefly]

☐    **State Law:**  The defendant was served pursuant to the laws of the State of _____ (name of state), as follows: [Describe briefly]

Under penalty of perjury, I declare that the foregoing is true and correct.

_____    _____
Date                                           Signature

| Print Name |
| --- |
| Business Address |
| City          State        Zip |

# United States Bankruptcy Court
### Eastern District of Virginia

|  |  |
|---|---|
|  | **Case Number**   14−12766−BFK |
|  | **Chapter**   7 |
|  | **Adversary Proceeding Number**   16−01143−BFK |
**In re:**  The Truland Group, Inc. | **Judge**   Brian F. Kenney |

Klinette Kindred, Trustee

Plaintiff(s)

V.

Fastenal Corp.

Defendant(s)

### PROCEDURES FOR THE PROSECUTION AND RESOLUTION OF AVOIDANCE CLAIMS

These Avoidance Action Procedures have been approved by the United States Bankruptcy Court for the Eastern District of Virginia in the above−captioned bankruptcy case by order entered September 29, 2015 (Docket No. 791) ("Procedures Order"). These procedures apply to all of the actions commenced by the Trustee seeking to recover transfers pursuant to §§ 544 − 550 of the Bankruptcy Code ("Avoidance Actions") other than the Excluded Avoidance Actions (as defined in the Procedures Order).

A. <u>Case−Specific Summons.</u> The summons issued for each Avoidance Action will vary from the Court's standard form and will be an "Answer Only" summons. The summons will inform the defendant that it has thirty days from the date of service of the summons (rather than the date of issuance) to respond to the complaint. The summons will not set a pretrial conference date.

B. <u>Extension of Time by which Plaintiff Must Serve the Summons.</u> The time period under Federal Rule of Civil Procedure 4, made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7004(e), by which plaintiff must serve the applicable summonses and complaints in the Avoidance Actions on defendants in the United States shall be extended by 30 days, without prejudice to plaintiff's right to seek further extensions of time for cause shown. The Trustee shall endeavor to serve the summons and complaint as promptly as practicable after issuance of the summons.

C. <u>Stipulation to Extend Time for Defendants to Respond to the Complaint.</u> Without further order of the Court, the parties may stipulate to extensions of time by no more than a total of sixty (60) days within which a defendant must respond to a complaint. The stipulation must be in writing to be binding on the Trustee and may be documented via electronic mail. Any extensions beyond sixty (60) days require approval of the Court.

D. <u>Scheduling Order.</u> Following receipt of defendant's answer, the parties shall endeavor to agree upon a scheduling order setting forth, among other things, the time to exchange of initial disclosures, discovery deadlines and limits, and scheduling a final pre−trial conference. If the parties are unable to agree upon a scheduling order plaintiff will notice an initial pre−trial conference with a proposed scheduling order for a regular omnibus hearing date in these cases, or, if no omnibus hearing dates have been scheduled, for the Court's regular adversary proceeding docket.

E. <u>Optional Mediation Process.</u> In the event the parties desire to mediate the issues raised in any Avoidance Action, they shall submit a consent order to the Court for entry (i) staying the applicable deadlines in the case; (ii) selecting a mediator; (iii) scheduling the mediation; and (iv) notifying the Court of any specific requirements related to the mediation such as the deadlines to file mediation statements, page limits, and related matters. If the parties desire to mediate, but are unable to agree upon a mediator, the parties may request that the Court select a mediator. All proceedings and writings incident to any mediation will be considered privileged and confidential,

and shall not be reported or admitted into evidence for any reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility. Nothing in these procedures shall obligate any party, including the Trustee, to mediate any Avoidance Action.

F. Settlement of Avoidance Actions. The Trustee may settle and compromise the Avoidance Actions in accordance with the following procedures:

a. For the settlement of any Avoidance Action where the demand is $100,000 or more, the Trustee will move for Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019. The Trustee may combine multiple requests for approval of settlements into a single motion.

b. For the settlement of any Avoidance Action where the amount demanded is less than $100,000, the Trustee shall be authorized to consummate such settlement without further Order of the Court and without giving notice to, or receiving consent from any other party. The Trustee shall file a report of any settlements under this subparagraph every sixty (60) days.

G. Notice of the Avoidance Action Procedures. A copy of the Avoidance Action Procedures will be served on each defendant with the applicable summons and complaint.

Bankruptcy Case No.  14-12766-BFK

Adversary Proceeding No.  16-01143-BFK

## CERTIFICATE OF SERVICE

I, __Gregory H. Counts_____, certify that I am, and at all times during the service of process was, not less than
       (name)

18 years of age and not a party to the matter concerning which service of process was made.  I further certify that the service of this
summons and a copy of the complaint was made __August 26, 2016_____ by:
                                                                                              (date)

✗   Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:
      Fastenal Company
      c/o CT Corporation System
      4701 Cox Road, Suite 285, Glen Allen, VA 23060

__   Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:


__   Residence Service: By leaving the process with the following adult at:


__   Certified Mail Service on an Insured Depository Institution:  By sending the process by certified mail addressed to the
      following officer of the defendant at:


__   Publication: The defendant was served as follows: [Describe briefly]


__   State Law: The defendant was served pursuant to the laws of the State of _____ ,
      as follows: [Describe briefly]                                                                       (name of state)


Under penalty of perjury, I declare that the foregoing is true and correct.


____August 26, 2016____              /s/ Gregory H. Counts_____
             Date                                                Signature

| **Print Name** | | |
| Gregory H. Counts, Esq. | | |
| **Business Address** | | |
| 300 N. Washington St., Suite 202 | | |
| **City** | **State** | **Zip** |
| Alexandria | VA | 22314 |

[ver. 05/02]

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA Alexandria Division

In re:                 )

                        )

THE TRULAND GROUP, INC., *et al.*,   )     Bankruptcy Case No. 14-12766-BFK

                     )     Jointly Administered

      Debtors.         )     Chapter 7

                     )

_____

                     )

KLINETTE H. KINDRED, IN HER CAPACITY  )

AS TRUSTEE FOR THE TRULAND GROUP,   )

INC., *et al.*               )

                     )

      Plaintiff,        )

                     )

v.                  ) Adv. Pro. 16-01143-BFK

                     )

FASTENAL COMPANY        )

                     )

      Defendant.       )

## <u>MOTION FOR DEFAULT JUDGMENT</u>

COMES NOW Klinette H. Kindred, in her capacity as trustee ("Trustee" or "Plaintiff") for

The Truland Group, Inc., *et al.* ("Debtors")[1], by and through her undersigned counsel, and files this

Motion for Default Judgment against Fastenal Company, and in support thereof states as follows:

---

[1] The Debtors are the following entities: The Truland Group, Inc., a Virginia corporation ("The Truland Group, Inc.") (14-12766-BFK), Truland Service Corporation, a Virginia corporation ("Truland Service Corporation")(1412773-BFK), Snowden River Corporation, a Maryland corporation ("Snowden River Corporation")(14-12772BFK), Tech, Inc., a Virginia corporation ("Tech, Inc.")(14-12770-BFK), Truland Systems Corporation, a District of Columbia corporation ("Truland Systems Corporation") (14-12767-BFK), Northside Truland Electric, LLC, a Virginia corporation ("Northside Truland Electric, LLC")(14-12775-BFK), The Truland Group of Companies, Corp., a Delaware corporation ("The Truland Group of Companies, Corp.")(14-12771-BFK), Pel-Bern Electric Corporation, a Maryland corporation ("Pel-Bern Electric Corp.")(14-12768-BFK), Truland Walker Seal Transportation, Inc., a Virginia corporation ("Truland Walker Seal Transportation, Inc.")(14-12774-BFK) and Blumenthal Kahn Truland Electric, LLC, a Maryland limited liability company ("BK Truland Electric, LLC")(1416769-BFK).

1.  The Trustee, by counsel, filed Adversary Proceeding 16-01143-BFK against Fastenal Company seeking to avoid a preferential transfer pursuant to 11 U.S.C. § 547(f).

2.  On August 26, 2016, counsel served the Complaint, Summons, and Procedures for the Prosecution and Resolution of Avoidance Claims as stated in the Certificate of Service (Docket No. 4).

3.  No Answer has been filed by the Defendant, and the deadline to answer expired on September 26, 2016.

WHEREFORE, Klinette H. Kindred, Trustee, by and through counsel, respectfully requests Judgment against Fastenal Corp. in the amount of Twenty-Three Thousand Five Hundred and Thirty-Four Dollars and Seventy-Seven Cents ($23,534.77) plus interest at the Federal Judgment rate from the date of judgment, and for such other and further relief as this Court deems just and proper.

<div style="margin-left:40%">

Respectfully Submitted,
Klinette H. Kindred, Chapter 7 Trustee
By Counsel

</div>

*/s/ Gregory H. Counts*
Gregory H. Counts, Esq. VSB 46771
Tyler, Bartl, Ramsdell & Counts, P.L.C.
300 N. Washington St., Suite 202
Alexandria, VA 22314
Tel: 703.549.5001
Fax: 703.549.5011
gcounts@tbrclaw.com
*Counsel for Klinette H. Kindred, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2016 a true copy of the foregoing was served via USPS mail, first class, postage prepaid, to the following parties:

Fastenal Company
c/o CT Corporation System, Reg. Agent
4701 Cox Rd Ste 285
Glen Allen, VA 23060

17

*/s/ Gregory H. Counts*
Gregory H. Counts

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA Alexandria Division**

In re:                                                )
                                                       )
THE TRULAND GROUP, INC., *et al.*,                     )    Bankruptcy Case No. 14-12766-BFK
                                                       )    Jointly Administered
             Debtors.                                  )    Chapter 7
                                                       )
                                                       )
_____
                                                       )
KLINETTE H. KINDRED, IN HER CAPACITY                   )
AS TRUSTEE FOR THE TRULAND GROUP,                      )
INC., *et al.*                                         )
                                                       )
        Plaintiff,                                     )
                                                       )
v.                                                     )  Adv. Pro. 16-01143-BFK
                                                       )
FASTENAL COMPANY                                       )
                                                       )
        Defendant.                                     )

**<u>NOTICE OF HEARING</u>**

Klinette H. Kindred, Chapter 7 Trustee, by counsel, has filed a Motion for Default Judgment against Fastenal Company.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, then on or before **11/5/2016,** you or your attorney must:

File with the Court, at:

> Clerk of Court
> United States Bankruptcy Court
> 200 South Washington Street
> Alexandria, VA 22314

A written objection as required by Local Bankruptcy Rule 9013-1(H).  You must **also** mail a copy to the following:

Gregory H. Counts
Tyler, Bartl, Ramsdell & Counts, P.L.C.
300 N. Washington St., Suite 202
Alexandria, VA 22314

**Unless a written response and supporting memorandum are filed and served by the date specified, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the Motion without further notice or hearing.** If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. Attend the hearing scheduled to be held on **November 8, 2016 at 9:30 AM** in Courtroom 3, United States Bankruptcy Court, 200 S. Washington St., Alexandria, VA 22314. **If no timely response has been filed opposing the relief requested, the Court may grant the relief without holding a hearing.**

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting it.

Klinette H. Kindred, Chapter 7 Trustee
By Counsel

*/s/ Gregory H. Counts*
Gregory H. Counts, VA Bar #46771
Tyler, Bartl, Ramsdell & Counts, P.L.C.
300 N. Washington Street, Suite 202
Alexandria, VA 22314
Tel: 703.549.5001
Fax: 703.549.5011
gcounts@tbrclaw.com
*Counsel for Klinette H. Kindred, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2016 a true copy of the foregoing was served via USPS mail, first class, postage prepaid, to the following parties:

Fastenal Company
c/o CT Corporation System, Reg. Agent
4701 Cox Rd Ste 285
Glen Allen, VA 23060

*/s/ Gregory H. Counts*
Gregory H. Counts

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|                                           |     |                          |
|-------------------------------------------|-----|--------------------------|
| In re:                                    | )   |                          |
|                                           | )   |                          |
| THE TRULAND GROUP, INC.                   | )   | Case No. 14-12766-BFK    |
|                                           | )   | Chapter 7                |
| Debtor.                                   | )   |                          |
| _____ | )   |                          |
| KLINETTE H. KINDRED, TRUSTEE,             | )   |                          |
|                                           | )   |                          |
| Plaintiff,                                | )   |                          |
|                                           | )   | Adversary Proceeding     |
| v.                                        | )   | 16-01143-BFK             |
|                                           | )   |                          |
| FASTENAL CORP.,                           | )   |                          |
|                                           | )   |                          |
| Defendant.                                | )   |                          |

### REPORT AND RECOMMENDATION

This matter comes before the Court on the Plaintiff's Motion for Default Judgment against Defendant Fastenal Corporation. Docket No. 5. The Plaintiff filed the Complaint on July 21, 2016. Docket No. 1. There being proper service of the Summons and Complaint and no Answer filed to the Plaintiff's Complaint, the Court recommends that the Plaintiff's Motion for Default Judgment be granted, and that a money judgment be entered for the Plaintiff in the amount of $23,534.77.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Order of Reference of the U.S. District Court for this District dated August 15, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate), (B) (allowance or disallowance of claims against the estate), (F) (proceedings to determine, avoid, or recover preferences) and (O) (other proceedings affecting the liquidation of the assets of the estate). Because the Plaintiffs seeks entry of a money judgment, the Court will enter a Report and Recommendation, and not a final order, pursuant to the District Court's

opinion in *McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*, No. 1:11cv1090, 2011 WL 5828013, at *1 (E.D. Va. Nov. 18, 2011).

### The Plaintiff's Motion for Default Judgment

According to the allegations of the Complaint, prior to July 23, 2014 ("Petition Date"), the Debtors[1] operated an electrical contracting business. Complaint, at ¶ 9. In conjunction with their business affairs, the Debtors regularly sold, received, and/or delivered equipment, goods, and services. *Id.* During the ninety (90) days before the Petition Date, the Debtors and the Defendant entered into agreements pursuant to which the Debtors and the Defendant conducted business with one another. *Id.* at ¶ 11. On or within ninety days prior to the Petition Date, the Debtors, BK Truland Electric, LLC, Truland Service Corporation, Truland Systems Corporation and Truland Walker Seal Transportation, Inc., made one or more transfers in the amount of $23,534.77 for the benefit of the Defendant. *Id.* at ¶ 15; *see also* Pl. Ex. A.

On July 21, 2016, the Plaintiff filed this adversary proceeding to recover the funds.  On July 22, 2016, this Court issued a Summons and Notice of Pre-Trial Conference, which required the Defendant to file an Answer no later than 30 days from the date of service of the summons. Docket No. 3. The Summons and Complaint were properly served on the Defendant via first class mail on August 26, 2016, pursuant to Fed. R. Bankr. P. 7004(b)(1). Docket No. 4. No answer was filed by the Defendant by deadline of September 26, 2016. On October 19, 2016, the

---

[1] The Debtors are the following entities: The Truland Group, Inc., a Virginia corporation ("The Truland Group, Inc.") (14-12766-BFK), Truland Service Corporation, a Virginia corporation ("Truland Service Corporation")(14-12773-BFK), Snowden River Corporation, a Maryland corporation ("Snowden River Corporation")(14-12772-BFK), Tech, Inc., a Virginia corporation ("Tech, Inc.")(14-12770-BFK), Truland Systems Corporation, a District of Columbia corporation ("Truland Systems Corporation") (14-12767-BFK), Northside Truland Electric, LLC, a Virginia corporation ("Northside Truland Electric, LLC")(14-12775-BFK), The Truland Group of Companies, Corp., a Delaware corporation ("The Truland Group of Companies, Corp.")(14-12771-BFK), Pel-Bern Electric Corporation, a Maryland corporation ("Pel-Bern Electric Corp.")(14-12768-BFK), Truland Walker Seal Transportation, Inc., a Virginia corporation ("Truland Walker Seal Transportation, Inc.")(14-12774-BFK) and Blumenthal Kahn Truland Electric, LLC, a Maryland limited liability company ("BK Truland Electric, LLC")(14-16769-BFK). The cases are being jointly administered.

Plaintiff filed the present Motion for Default Judgment, which seeks to recover $23,534.77.

Docket No. 5.

The Court scheduled a hearing on the Plaintiff's Motion for Default Judgment for November 8, 2016. Notice of the hearing was served on the Defendant October 19, 2016. Docket No. 6. The Notice provided: "Unless a written response and supporting memorandum are filed and served by the date specified, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the requested relief without further notice or hearing." *Id.* The Defendant did not file a response. Pursuant to Bankruptcy Rule 7012(a), "[i]f a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court." Fed. R. Bankr. P. 7012(a). The Court finds that the Summons was properly served on the Defendant, and that the Defendant failed to file an Answer in accordance with Fed. R. Bankr. P. 7012. The Court further finds that the amount sought is for a sum certain.

Accordingly, this Court recommends that the Plaintiff's Motion for Default Judgment be granted, and that a money judgment in the amount of $23,534.77, and post-judgment interest at the federal judgment rate be entered for the Plaintiff.

### Conclusion

For the reasons stated above, the Court recommends the Trustee's Motion for Default Judgment be GRANTED, and that a money judgment in the amount of $23,534.77 be ENTERED for the Plaintiff against the Defendant. Interest on the principal amount of the Judgment will accrue post-Judgment at the federal judgment rate provided in 28 U.S.C. § 1961. The Defendant is notified that Bankruptcy Rule 9033(b) provides as follows:

> **Objections: Time for Filing. Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection.**

3

A party may respond to another party's objections within 14 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.

Fed. R. Bankr. P. 9033(b).

/s/ Brian F. Kenney

Date: _____  Dec 6 2016        _____

Brian F. Kenney
Alexandria, Virginia                              United States Bankruptcy Judge

Copies to:                                        eod 12/8/2016

Gregory H. Counts, Esquire
Tyler, Bartl, Ramsdell & Counts, PLC
300 North Washington St. Suite 202
Alexandria, VA 22314
*Counsel for Plaintiff-Trustee*

Fastenal Corporation
c/o CT Corporation System, Registered Agent
4701 Cox Road, Suite 285
Glen Allen, VA 23060
*Pro se Defendant*