UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: )
)
THE TRULAND GROUP, INC. ) Case No. 14-12766-BFK
) Chapter 7
Debtor. )
_____ )
KLINETTE H. KINDRED, TRUSTEE, )
)
Plaintiff, )
) Adversary Proceeding
v. ) 16-01143-BFK
)
FASTENAL CORP., )
)
Defendant. )

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the Plaintiff's Motion for Default Judgment against Defendant Fastenal Corporation. Docket No. 5. The Plaintiff filed the Complaint on July 21, 2016. Docket No. 1. There being proper service of the Summons and Complaint and no Answer filed to the Plaintiff's Complaint, the Court recommends that the Plaintiff's Motion for Default Judgment be granted, and that a money judgment be entered for the Plaintiff in the amount of $23,534.77.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Order of Reference of the U.S. District Court for this District dated August 15, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate), (B) (allowance or disallowance of claims against the estate), (F) (proceedings to determine, avoid, or recover preferences) and (O) (other proceedings affecting the liquidation of the assets of the estate). Because the Plaintiffs seeks entry of a money judgment, the Court will enter a Report and Recommendation, and not a final order, pursuant to the District Court's

opinion in *McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*, No. 1:11cv1090, 2011 WL 5828013, at *1 (E.D. Va. Nov. 18, 2011).

**The Plaintiff's Motion for Default Judgment**

According to the allegations of the Complaint, prior to July 23, 2014 ("Petition Date"), the Debtors[1] operated an electrical contracting business. Complaint, at ¶ 9. In conjunction with their business affairs, the Debtors regularly sold, received, and/or delivered equipment, goods, and services. *Id*. During the ninety (90) days before the Petition Date, the Debtors and the Defendant entered into agreements pursuant to which the Debtors and the Defendant conducted business with one another. *Id*. at ¶ 11. On or within ninety days prior to the Petition Date, the Debtors, BK Truland Electric, LLC, Truland Service Corporation, Truland Systems Corporation and Truland Walker Seal Transportation, Inc., made one or more transfers in the amount of $23,534.77 for the benefit of the Defendant. *Id*. at ¶ 15; *see also* Pl. Ex. A.

On July 21, 2016, the Plaintiff filed this adversary proceeding to recover the funds. On July 22, 2016, this Court issued a Summons and Notice of Pre-Trial Conference, which required the Defendant to file an Answer no later than 30 days from the date of service of the summons. Docket No. 3. The Summons and Complaint were properly served on the Defendant via first class mail on August 26, 2016, pursuant to Fed. R. Bankr. P. 7004(b)(1). Docket No. 4. No answer was filed by the Defendant by deadline of September 26, 2016. On October 19, 2016, the

---

[1] The Debtors are the following entities: The Truland Group, Inc., a Virginia corporation ("The Truland Group, Inc.") (14-12766-BFK), Truland Service Corporation, a Virginia corporation ("Truland Service Corporation")(14-12773-BFK), Snowden River Corporation, a Maryland corporation ("Snowden River Corporation")(14-12772-BFK), Tech, Inc., a Virginia corporation ("Tech, Inc.")(14-12770-BFK), Truland Systems Corporation, a District of Columbia corporation ("Truland Systems Corporation") (14-12767-BFK), Northside Truland Electric, LLC, a Virginia corporation ("Northside Truland Electric, LLC")(14-12775-BFK), The Truland Group of Companies, Corp., a Delaware corporation ("The Truland Group of Companies, Corp.")(14-12771-BFK), Pel-Bern Electric Corporation, a Maryland corporation ("Pel-Bern Electric Corp.")(14-12768-BFK), Truland Walker Seal Transportation, Inc., a Virginia corporation ("Truland Walker Seal Transportation, Inc.")(14-12774-BFK) and Blumenthal Kahn Truland Electric, LLC, a Maryland limited liability company ("BK Truland Electric, LLC")(14-16769-BFK). The cases are being jointly administered.

2

Plaintiff filed the present Motion for Default Judgment, which seeks to recover $23,534.77. Docket No. 5.

The Court scheduled a hearing on the Plaintiff's Motion for Default Judgment for November 8, 2016. Notice of the hearing was served on the Defendant October 19, 2016. Docket No. 6. The Notice provided: "Unless a written response and supporting memorandum are filed and served by the date specified, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the requested relief without further notice or hearing." *Id*. The Defendant did not file a response. Pursuant to Bankruptcy Rule 7012(a), "[i]f a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court." Fed. R. Bankr. P. 7012(a). The Court finds that the Summons was properly served on the Defendant, and that the Defendant failed to file an Answer in accordance with Fed. R. Bankr. P. 7012. The Court further finds that the amount sought is for a sum certain.

Accordingly, this Court recommends that the Plaintiff's Motion for Default Judgment be granted, and that a money judgment in the amount of $23,534.77, and post-judgment interest at the federal judgment rate be entered for the Plaintiff.

## Conclusion

For the reasons stated above, the Court recommends the Trustee's Motion for Default Judgment be GRANTED, and that a money judgment in the amount of $23,534.77 be ENTERED for the Plaintiff against the Defendant. Interest on the principal amount of the Judgment will accrue post-Judgment at the federal judgment rate provided in 28 U.S.C. § 1961. The Defendant is notified that Bankruptcy Rule 9033(b) provides as follows:

> **Objections: Time for Filing. Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection.**

**A party may respond to another party's objections within 14 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.**

Fed. R. Bankr. P. 9033(b).

Date: Dec 6 2016

Alexandria, Virginia

/s/ Brian F. Kenney

Brian F. Kenney
United States Bankruptcy Judge

Copies to:

eod 12/8/2016

Gregory H. Counts, Esquire
Tyler, Bartl, Ramsdell & Counts, PLC
300 North Washington St. Suite 202
Alexandria, VA 22314
*Counsel for Plaintiff-Trustee*

Fastenal Corporation
c/o CT Corporation System, Registered Agent
4701 Cox Road, Suite 285
Glen Allen, VA 23060
*Pro se Defendant*